FALCÓ *v.* SUCCESSION OF SUAU.

APPEAL from the District Court of Mayagüez.

No. 793.—Decided June 26, 1912.

UNDUE PAYMENT—CONSTRUCTION OF LAW—ERROR IN PAYMENT ALLEGED MUST BE PROVEN.—Section 1801 of the Civil Code should be construed in connection with section 1796 of the same code and, in accordance with the former section, the plaintiff in an action to recover what he had paid unduly is relieved of the necessity of proving the error under which he made the undue payment only when the defendant in his answer denies that he had received any amount, but when the answer to the complaint does not deny the receipt of any sum, as in the case at bar, but alleges that any amount which the defendant may have received was a due and just debt, the plaintiff is not relieved of the duty of proving the error under which he made the payment.

ID.—EVIDENCE OF FRAUD—PRESUMPTION OF JUST DEBT—RECEIPT ACKNOWLEDGED IN DEED.—The evidence in the case at bar having been examined this court held that as it was not proven that there was fraud in the execution of the deed introduced by the plaintiff wherein it is stated that the plaintiff's ancestor acknowledged receipt from the ancestor of the defendant succession of the sum of money which is the subject matter of this suit, it is necessary to conclude that said deed shows that the sum claimed in this action was really due to the ancestor of the defendant succession.

RECONSIDERATION.

RECONSIDERATION—DELAY IN ASKING RECONSIDERATION.—This case was decided
    on June 26, 1912. On November 27, 1912, the appellant moved this court to
    reconsider its judgment rendered on the former date. It was held that about
    five months having elapsed between the date of the judgment and the motion
    to reconsider without good reason having been shown for such delay, this
    fact alone is not sufficient ground for overruling the motion to reconsider.
    However, having examined the allegations of the motion to reconsider it is
    decided that they do not affect the grounds of the judgment rendered
    June 26, 1912.

The facts are stated in the opinion.

*Messrs. Fernando Vázquez* and *Rafael López Landrón* for
appellant.

*Mr. José de Diego* for respondent.

MR. JUSTICE WOLF delivered the opinion of the court.

The complaint in this case was filed by Rosa Falcó in the
name and representation of her minor son, Manuel Adoaldo
Tiberio Catinchi and Falcó, and set up that Adoaldo Tiberio
Catinchi died in Sabana Grande on April 11, 1909, intestate;
that the District Court of Mayagüez declared Manuel Adoaldo
Tiberio Catinchi as the sole and universal heir of his father;
that defendants are the universal heirs of Don Salvador Suau
and Mulet; that by deed bearing date of January 23, 1886,
Don Salvador Suau and Mulet bought of Don Jorge Alemany
y Juan, for the sum of 6,700 *pesos,* a piece of property located
in San Germán, which is duly described in the complaint;
that by the second clause of said deed it was provided that
if the vendor, Mr. Alemany, desired to recover the property,
and should turn over to the purchaser, Mr. Suau, or his rep-
resentatives, the price of the sale, namely, 6,700 *pesos,* he
should be restored in the ownership of said property; that
it was provided in the first clause of said deed that the ven-
dor should continue in possession of the property sold as
lessee, paying an annual rent of the sum of 100 *pesos,* and
that such lease should terminate when the right of repur-
chase should be exercised. That Don Jorge Alemany and
Juan, by deed of March 19, 1887, assigned, sold and set over

to Don Adoaldo Tiberio Catinchi all the rights and actions
which the said Alemany had with regard to the property
sold by him to Mr. Suau on January 22, 1886; that such sale
and assignment was made with the express acquiescence and
consent of Mr. Suau, who took part in the said deed of as-
signment. That when the period for returning the said prop-
erty came around the said Catinchi did not make use of his
right of repurchase, and Mr. Suau, on June 8, 1893, presented
a copy of said deed in the registry in order that the note of
consummation might be recorded.

On July 12, 1893, Mr. Catinchi sold, by deed, to the broth-
ers, Pablo, Andrés and Emilio Pietri, a piece of property
situated in the municipal limits of Yauco, and that the price
of such sale was 6,000 *pesos.* (The sum of 6,000 *pesos* and
the sum of 6,700 *pesos* mentioned in this opinion are each
in provincial money.) That in said deed of July 12, 1893,
it was set out that the vendor was in debt to Mr. Suau in
the sum of 6,000 *pesos,* and therefore it was agreed in the
said deed that the purchasers, the Messrs. Pietri, should pay
to Mr. Suau, on account and in the name of the vendor, Mr.
Catinchi, the said sum of 6,000 *pesos* and interest; and to
guarantee said payment it was stipulated and agreed in the
said deed to make a voluntary mortgage in favor of Mr.
Suau on the property sold, both the deed and the mortgage
being recorded in the Registry of Property of San Germán.
That the said Salvador Suau, after recovering the interest,
sold out his rights to Luis María Cuyard, and that after
the death of the latter his widow gave an absolute release
to the brothers Pietri for the sum of 6,000 *pesos.*

That Don Adoaldo Tiberio Catinchi, after the termina-
tion of the contract of lease in 1892, continued to live on
the property until 1907, at which date he compromised and
gave up all his rights that belonged to him as a tenant at
will, receiving besides, the sum of 200 *pesos* for improve-
ments made.

Then the complainant alleges, on information and belief,

that the said Catinchi did not, on July 12, 1893, or afterward, owe any sum of money of any kind to said Salvador Suau; that he never was a debtor of said Suau in any form; and he alleges besides, on information and belief, that the payment of the 6,000 *pesos* and interest, amounting to 1,920 *pesos,* made by the said Adoaldo Tiberio Catinchi to the said Suau on July 12, 1893, in the manner and form as expressed in the complaint, was made by an error of said Catinchi, which error consisted in believing that Mr. Catinchi was indebted to Mr. Suau in said sum by reason of a contract made on May 18, 1887, between Catinchi, Alemany and Suau, when in reality he owed nothing by reason of the contract nor for any other reason because, as he alleged, neither at that date, nor before it, nor on July 12, 1893, nor at any date posterior to it, did Suau transfer to Catinchi the proprietorship and ownership of the San Germán property; nor did Catinchi ever make use of the right of repurchase mentioned in the second clause of the deed of January 22, 1886. That the said Suau recovered of the brothers Pietri, all told, including principal and interest, the sum of 7,920 *pesos.* And the complainant alleges, on information and belief, that Salvador Suau knew when the mortgage was made, and at the ·time he ceded it to Catinchi, that Don Adoaldo Tiberio Catinchi did not owe him anything in any regard.

These were the substantial facts of the complaint. Defendants demurred and the court overruled the demurrer, whereupon they answered admitting some of the facts of the complaint and denying others, and especially denying that Don Salvador Suau, the ancestor of the defendants, had ever made any collection of what was not due, as alleged in the complaint, and that neither Mr. Catinchi nor any other person had paid to Mr. Suau what was not due him. And, as positive matter, the answer set up that any sums paid by Catinchi or by any of his successors or privities in contract were just debts and the payments made were justly due.

The District Court of Mayagüez, after setting up the foregoing facts, or part of them, set forth that the complaint in this case is based on sections 1796 and 1797 of the Civil Code, which provide:

"Section 1796.—If a thing was received when there was no right to claim it and which, through an error, has been unduly delivered, there arises an obligation to restore the same.

"Section 1797. A person who accepts a payment not due, should he have acted in bad faith, must pay the legal interest when money is involved, or for the fruits collected or which ought to have been collected, if the thing received should produce them.

"He shall furthermore be liable for impairments the thing may have suffered on account of any cause whatsoever and for the damages caused to the person who delivered it, until he recovers it. He shall not be liable for fortuitous events, when they may have affected the things in the same manner should they have been in the possession of the person who delivered them."

The court below holds that for the collection of what is not due it follows from these sections, as indispensable prerequisites to a cause of action, that the plaintiff should have paid what was not due and that he should have done it by mistake and not through mere liberality or any other reason, and he cites the judgments of the Supreme Court of Spain, namely, January 14, 1883, March 28, 1871, and November 18, 1868, that the complainant, in his written and oral argument, bases his most powerful right of recovery on section 1801 of the Civil Code, which reads as follows:

"Section 1801.—The proof of payment is incumbent upon the person who claims to have made the same. He shall also be obliged to prove the error under which he made it, unless the defendant denies having received the thing claimed from him. In such case, if the plaintiff should have proven the delivery, he shall be released from any further proof. This does not limit the right of the defendant to justify that what he is supposed to have received was due him."

That this averment, the court pursues, is based upon the fact that the defendant in his answer denied that Salvador

Suau had collected anything that was not due, and that the complainant, as he construed section 1801, was relieved from the necessity of proving the error with which Mr. Catinchi made the payment to Mr. Suau. The court, however, finds, and we agree with it, that section 1801 must be construed in connection with 1796; but we have a slightly different way of regarding these two articles than that held by the said court. We think it is the plain construction of section 1801 that the complainant is relieved from the necessity of proving the error only when the defendant has denied receiving anything whatsoever. The answer here was limited to denying that anything that was not due had been collected.

In the brief of the appellant objection is made to the answer, and perhaps it could have been more specific, but no objection was made to it below, and we think from the entire context of it that it was plain that the defendants were not denying that their ancestor had received any sum from the complainants, their ancestor or assignees, but that they were denying that what he had received was not due him, and they were setting up that whatever sums had been paid him were properly debts.

The court below, in its opinion, found that the complainants' own proof of the deed of July 12, 1893, was sufficient to show the justness of the debt owing by Catinchi to Suau, and that his confession of having received the money was binding on him. It is true that the complainants offered two witnesses who testified to conversations had with Catinchi to the effect that he did not owe these sums, but these statements were remote, vague, indefinite and insufficient to controvert the plain statement of the deed of 1893, especially at a trial held in 1911.

We agree with the appellants that Catinchi never exercised his right of repurchase assigned to him by Mr. Alemany; but because he failed to exercise that right the fact that he, in another deed, says that he owes 6,000 *pesos* to

Suau, does not in any way prove that the 6,000 *pesos* referred to in the contract with respect to the Yauco property has any connection or relation with the 6,700 *pesos* referred to in the contract with regard to the San Germán property.

In the absence of fraud it must be held that the deed offered by complainants duly showed that Catinchi was indebted to Suau (*Cruz* v. *López,* 17 P. R. R., 40), and that there was no satisfactory proof of the collection by Suau of anything that was not due him.

As we find no reason to impugn the correctness of the consideration by the court of the evidence submitted to it at the trial, the judgment appealed from must be affirmed.

*Affirmed.*

Chief Justice Hernández and Justices MacLeary, del Toro and Aldrey concurred.

### MOTION TO RECONSIDER JUDGMENT.

Decided December 4, 1912.

### DECISION.

The present appeal was decided by this court by a judgment rendered on June 26 of the present year, which judgment was certified to the court below on July 1 following, and on November 27 last the appellant filed a petition for the reconsideration of said judgment, some five months having elapsed between the time of rendering the judgment and that of the filing of the petition for reconsideration.

No reason of any kind having been alleged in justification of the delay in filing the petition, this alone would be sufficient ground for denying the petition, but we have examined the allegations of the appellant and find that they do not affect the grounds on which our judgment rests.

Petition for reconsideration denied.

*Reconsideration denied.*

Chief Justice Hernández and Justices MacLeary, Wolf, del Toro and Aldrey concurred.